Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEWIS LARM, individually, | No. 2:17-cv-00206-RAJ |
| Plaintiff, | **ORDER** |
| v. | |
| IBEW Local 191, | |
| Defendant. | |

This matter comes before the Court on the Motion to Dismiss filed by Defendant IBEW Local 191 ("IBEW"). Dkt. # 10. Plaintiff opposes the motion[1]. Dkt. # 11. For the reasons set forth below, the Court **GRANTS** the motion.

---

[1] Plaintiff's Response to IBEW's Motion sets forth a plethora of new facts and evidence, some of which are contrary to Plaintiff's Complaint. *See, e.g.*, Dkt. # 11 at 2 ("Contrary to the complaint, Mr. Larm filed an appeal with the Appeals Committee as required by the policy."). If the Court were to consider this outside information, it would need to convert IBEW's motion to dismiss into one seeking summary judgment. Fed. R. Civ. P. 12(d). However, before doing so, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The Court is not convinced that the parties have had this opportunity and therefore declines to read IBEW's motion as one for summary judgment.

ORDER - 1

## I. BACKGROUND

The following is taken from Plaintiff's Complaint, which is assumed to be true for the purposes of this motion to dismiss. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).

Plaintiff was a member of the IBEW Local 191 ("IBEW") Union in 2014. Dkt. # 1-2 at ¶ 2.1. IBEW dispatched members to contracted jobs based on seniority, and on January 31, 2014, it should have dispatched Plaintiff to a job based on his seniority. *Id.* at ¶ 2.4. IBEW's dispatcher refused to send Plaintiff to this job, and as a result Plaintiff "was harmed by not getting substantial employment, including overtime hours." *Id.* at ¶ 2.6. Plaintiff claims that he filed a grievance "only to recently learn that it was not processed." *Id.* at ¶ 2.7.

Plaintiff brought suit against IBEW for violations of the Labor Management Relations Act, failure to represent, unfair labor practice, and breach of contract. *Id.* at ¶ 3.1. IBEW is now before this Court seeking dismissal on the grounds that the statute of limitations has run on Plaintiff's claims.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. DISCUSSION

A. Motion to Dismiss

The parties agree that Plaintiff's claims are subject to a six-month statute of limitations. Dkt. ## 10 at 5, 11 at 3-4; *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983) (finding that § 10(b) of the National Labor Relations Act "establishes a six-month period for making charges of unfair labor practices to the NLRB"). Plaintiff argues, however, that the statute was tolled during the pendency of his grievance procedure. Dkt. # 11 at 3-4.

In the context of this case, the limitations period on Plaintiff's claims began to run when Plaintiff knew or should have known that the Union refused to process Plaintiff's grievance. *See Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986) ("Thus, in a duty of fair representation case, the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union."). Plaintiff merely claims that he "recently" learned that the Union refused to process his grievance. Dkt. # 1-2 at ¶ 2.7. But his grievance stems from an incident that occurred on January 31, 2014, and Plaintiff does not allege sufficient facts—such as the pursuit of an internal grievance procedure—that explain the three years that passed between the incident and his lawsuit. *See* Dkt. # 1 (Notice of Removal). The Complaint does not state facts to show that Plaintiff's claim accrued within six months of his filing this lawsuit. Therefore, based on the facts in the Complaint, Plaintiff's lawsuit is barred by the six-month statute of limitations.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** IBEW's motion to dismiss with leave to amend. Dkt. # 10. If Plaintiff chooses to amend his complaint, he must do so within fourteen (14) days from the date of this Order.

Dated this 17th day of January, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge