UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEWIS LARM,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>IBEW LOCAL 191,<br><br>　　　　　　　　Defendant. | No. 2:17-cv-00206-RAJ<br><br>**ORDER** |

This matter comes before the Court on Plaintiff Lewis Larm's ("Plaintiff") Motion to Continue Discovery Cutoff and Related Calendared Events (Dkt. # 29), and Defendant IBEW Local 191's ("IBEW") Motion for Summary Judgment (Dkt. # 32). Both Motions are opposed. For the reasons set forth below, the Court **DENIES** Plaintiff's Motion and **GRANTS** IBEW's Motion.

## I.　　BACKGROUND

Defendant IBEW runs a hiring hall for the dispatch of electricians to signatory contractors pursuant to the referral rules contained in the collective bargaining agreement ("CBA") between the Union and the Cascade Chapter of the National Electrical Contractors Association ("NECA"). Dkt. # 32-2 at 28-31. Generally, IBEW dispatches members to contracted jobs based on a "first-in, first-out" basis, with a few exceptions for

foreman name calls, special skills and abilities, and others. *Id*. The CBA creates an Appeals Committee "to consider any complaint of an employee or applicant for employment" arising out of the Union's administration of the contractual referral rules. *Id*. The "Appeals Committee shall have the power to make a final and binding decision on any such complaint." *Id*.

Plaintiff was a member of IBEW in 2014. Dkt. # 32-2 at 61. On January 31, 2014, IBEW dispatched a number of contractors to VECA Electric in Moses Lake, but did not dispatch Plaintiff, who had superiority over these contractors. Dkt. # 33-2. On May 5, 2014, Plaintiff filed a Dispatch Appeal complaining that he had been improperly skipped over for a job in violation of IBEW's policy. Dkt. # 32-2 at 67-68, 85-86. In July 2014, Plaintiff sent follow-up letters to IBEW and NECA inquiring about the status of his Dispatch Appeal. *Id*. at 69-72, 87-88.

IBEW's newly-elected Business Manager, Joe Lorenzo, received the Dispatch Appeal on August 1, 2014. Dkt. # 32-2 at 92. Mr. Lorenzo then contacted Plaintiff to discuss the matter, and "[a]lmost immediately" called Cindy Austin, the NECA Executive Manager, to inform her of the appeal. *Id*. On August 25, 2014, Mr. Lorenzo and Ms. Austin called Plaintiff to discuss his appeal. Dkt. # 32-2 at 3-4, 94-96. In this call, Mr. Lorenzo and Ms. Austin explained that because Plaintiff had already taken another contract, they "could not fix what had happened on January 31st," and that they would not give him compensation. *Id*. This was the only conversation Plaintiff had with Mr. Lorenzo and Ms. Austin regarding his Dispatch Appeal. *Id*. at 74.

Over two years passed without further communication or activity. Dkt. # 32-2 at 74-78. On October 20, 2016, Plaintiff sent a letter to the Union, inquiring why "I was denied or it was thought of by those in discussion that I didn't need or deserve any compensation" for the challenged dispatch. *Id*. at 75-76, 89. Plaintiff stated that the "discussion" that he referenced was the August 25, 2014 phone call. *Id*. at 75-76. On

October 27, 2016, Mr. Lorenzo responded with a letter, stating that Plaintiff made the decision in the phone call to drop the appeal, and that the case was closed. *Id*. at 90.

On January 30, 2017, Plaintiff brought suit against IBEW in Snohomish County Superior Court under Section 301 of the Fair Labor Management Relations Act, and for failure to represent. Dkt. # 1-2 at 3, ¶ 3.1. IBEW removed to this Court. Dkt. # 1. On January 16, 2018, this Court granted IBEW's motion to dismiss on the grounds that Plaintiff's lawsuit was not filed within the applicable federal six-month statute of limitations. Dkt. # 17 at 3-4. The Court granted Plaintiff leave to file an amended pleading, which Plaintiff filed on January 31, 2018. Dkt. # 18. Plaintiff's Amended Complaint alleges a violation of IBEW's duty of fair representation "arising out of Section 9(a) of the NLRA." Dkt. # 18, ¶ 3.1.

## II.    DISCUSSION

### A.    Plaintiff's Motion to Continue (Dkt. # 29)

Plaintiff has moved for a continuance of 45 days to "allow his attorney the opportunity to take the deposition of VECA." Dkt. # 29 at 1. Plaintiff blames the tardiness of this request on VECA's non-responsiveness to his previous requests for information,[1] and the workload of Plaintiff's counsel. Dkt. # 29 at 2.

The Court may order such a change "only for good cause." Fed. R. Civ. P. 16(b)(4). The Court agrees with IBEW that grounds identified by Plaintiff do not demonstrate the good cause necessary to modify the case schedule. Dkt. # 30 at 3. Plaintiff has already been provided multiple extensions to the discovery cutoff, and has been on notice of the need to depose VECA for many months. Dkt. ## 25-28. Moreover, the Court finds that permitting a further extension for Plaintiff to seek additional information from VECA

---

[1] IBEW notes, and Plaintiff does not contest, that these "requests" were not discovery requests or subpoenas under the Federal Rules of Civil Procedure, but rather "informal" requests for information. Dkt. # 30 at 3.

would be pointless, as this information is not germane to the statute of limitations issue that results in the dismissal of Plaintiff's case.

Accordingly, the Court will **DENY** Plaintiff's request.  Dkt. # 29.

B.  IBEW's Motion for Summary Judgment (Dkt. # 32)

On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party must first show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden shifts to the opposing party to show a genuine issue of fact for trial.  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party must present probative evidence to support its claim or defense.  *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

In its Motion, IBEW again seeks dismissal of Plaintiff's case on the grounds that the statute of limitations has run on Plaintiff's claims.  Dkt. # 32.[2]  Plaintiff's sole claim in this lawsuit is a duty of fair representation claim "arising out of Section 9(a) of the NLRA."  Dkt. # 18, ¶ 3.1.  "The NLRA is enforced primarily through actions of the NLRB—private actions are available only in exceptional circumstances."  *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1067 (9th Cir.2004); *see also N.L.R.B. v. United Food & Commercial Workers Union, Local 23, AFL–CIO,* 484 U.S. 112, 118–22 (1987) (explaining process to resolve unfair practices complaints).  The Supreme Court has found implicit in the NLRA a private cause of action against unions to enforce their duty of fair representation.  *Karahalios v. Nat'l Fed'n of Fed. Emps.,* 489 U.S. 527, 535 (1989).

---

[2] IBEW also seeks dismissal on the grounds that Plaintiff cannot prove his fair representation claim on the merits. Dkt. # 32 at 12-16.  Because this Court dismisses Plaintiff's claims on statute of limitations grounds, it need not and will not address these arguments.

The parties had, apparently, previously been in agreement that Plaintiff's claims were subject to the six-month statute of limitations under the NLRA. Dkt. # 17 at 2; Dkt. # 11 at 3-4; Dkt. # 10 at 5. This comports with the general rule that under the NLRA, the statute of limitations for a breach of the duty of fair representation by an employee against a union is six months. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983) (finding that § 10(b) of the National Labor Relations Act "establishes a six-month period for making charges of unfair labor practices to the NLRB").

Plaintiff has now changed his mind, and argues that his claims are instead subject to either a three or six year state law statute of limitations. Dkt. # 33 at 4. The Court disagrees. Plaintiff's argument that this six-month period does not apply because this case is a "straightforward claim of a union's unfair representation" that "does not include a claim against the employer" is based on a misreading of Ninth Circuit precedent. Dkt. # 33 at 4. In *Conley*, the case Plaintiff cites, the Ninth Circuit explicitly held that the six-month statute of limitations applied to plaintiff's Section 301 claim, making the following observations:

> The essence of Conley's complaint is that the union failed to act fairly on his behalf. Although he does not claim that the union failed to act fairly in representing him before the employer, we do not think that this factor is sufficient to merit application of a state statute of limitations. The case at hand poses the question of a union's duty to its members, and because of the close relation this bears to the federal policy of fair representation generally, it follows that the federal limitations statute applies.

*Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913 (9th Cir.1987). *Conley* did not hold that suits that did not include employers are exempt from the six-month limitations period; instead, it applied the "straightforward" label to suits between a union and an employer. *Conley*, 810 F.2d at 915. This label does not apply to the present representation dispute between an employee and his union. Since *Conley* and *DelCostello*, courts in the Ninth Circuit and this District have consistently held that the "statute of limitations for a breach of the duty of fair representation by an employee against a union is

six months." *Wing Kai Tse v. United Food & Commerical Workers Union, Local 367,* C13-746RAJ, 2014 WL 667482, at *2 (W.D. Wash. Feb. 19, 2014) ("Under the NLRA, the statute of limitations for a breach of the duty of fair representation by an employee against a union is six months"); *see also Stone v. Writer's Guild of Am. W., Inc.,* 101 F.3d 1312, 1314 (9th Cir. 1996) (" *Stone's* claim for breach of the duty of representation is governed by the six month federal statute of limitations."); *Gunderson v. Teamsters Local Union No. 117,* C16-0314RSL, 2016 WL 3033501, at *2 (W.D. Wash. May 27, 2016) ("The statute of limitations on a claim alleging a breach of the duty of fair representation is six months."). Plaintiff gives no compelling authority that would suggest the Court deviate from this long-standing rule here.

In finding that a six-month limitations period applies to Plaintiff's claim, the Court next turns to when this period started. As the Court noted in its prior Order, the limitations period on Plaintiff's claims began to run when Plaintiff knew or should have known that IBEW refused to process Plaintiff's grievance. *See Galindo v. Stoody Co.,* 793 F.2d 1502, 1509 (9th Cir. 1986) ("Thus, in a duty of fair representation case, the six-month period generally begins to run when an employee knows or should know of the alleged breach of duty of fair representation by a union."). The record indicates that Plaintiff understood that his Dispatch Appeal was denied as of the August 25, 2014 phone call, where Mr. Lorenzo and Ms. Austin informed Plaintiff they would not give him any compensation beyond a dinner. Plaintiff did not pursue any other internal grievance procedure after this conversation, or even inquire about the status of his appeal, for at least two years. Moreover, Plaintiff's subsequent correspondence indicate Plaintiff saw this discussion as a denial of his appeal. Plaintiff admits that after the August 25, 2014 meeting he knew he was being "denied compensation," and that IBEW was not processing any appeal for him at the time. Dkt. # 32-2 at 75-77. Whether or not Plaintiff officially or affirmatively "dropped" his appeal following the August 2014 phone call is inapposite, as Plaintiff

"knew or should have known" that his Dispatch Appeal was not being processed after August 25, 2014.

The six-month thus statute of limitations thus began to accrue as of August 25, 2014 at the latest, and Plaintiff did not file suit until January 2017.  Dkt. # 1.  As the Court found in its previous Order, Plaintiff's lawsuit is barred by the six-month statute of limitations. Accordingly, the Court thus **GRANTS** IBEW's Motion for Summary Judgment and **DISMISSES** Plaintiff's case with prejudice.

## III.    CONCLUSION

For the foregoing reasons, the Court the Court **DENIES** Plaintiff's Motion for Continuance (Dkt. # 29) and **GRANTS** IBEW's Motion for Summary Judgment (Dkt. # 32).  The Clerk is directed to enter judgment for IBEW and against Plaintiff.


Dated this 15th day of May, 2019.



_____
The Honorable Richard A. Jones
United States District Judge

ORDER - 7