THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LEWIS LARM,

                Plaintiff,

v.

IBEW LOCAL 1991,

                Defendant.

Case No. 17-cv-00206-RAJ

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Reconsideration. Dkt. # 42. For the reasons below, the Court **DENIES** the Motion.[1]

## II. DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence."

---

[1] The Court notes that the instant Motion is untimely. Dkt. # 42. Plaintiff submitted an earlier motion for reconsideration (Dkt. # 41) without a signature page and later re-filed the Motion with the signature page after the deadline to file had passed. Although Plaintiff's Motion is untimely, the Court will still consider it. Plaintiff's prior motion for reconsideration is **TERMINATED** as moot. Dkt. # 41.

ORDER – 1

Local R. W.D. Wash. ("LCR") 7(h)(1). Here, Plaintiff argues that manifest legal and factual errors exist in the Court's order granting Defendant's Motion for Summary Judgment such that reconsideration is appropriate. *See* Dkt. # 42. Plaintiff takes issue with the Court's finding that the six-month statute of limitations applies to Plaintiff's claim under the NLRA. Dkt. # 42 at 2. Plaintiff contends that the Court should have instead applied the "most closely resembling state law" statute of limitations—in this case either six years under RCW 4.16.040 or three years under RCW 4.16.080(2). Dkt. # 42 at 4-5.

Plaintiff's Motion does not establish any manifest error in the Court's prior ruling or new facts or legal authority that could not have been raised earlier. As the Court previously explained, the Ninth Circuit in *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, explicitly held that the six-month statute of limitations applied to an employee's section 301 claim against his union. Applying the U.S. Supreme Court's decision in *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983), the court held that a complaint by an employee against a union was more closely aligned with a "hybrid" action than a "straightforward" action and thus subject to the six-month statute of limitations. *Id.*

This standard has been consistently applied by other courts in this District and the Ninth Circuit. *See e.g. Wing Kai Tse v. United Food & Commerical Workers Union, Local 367*, C13-746RAJ, 2014 WL 667482, at *2 (W.D. Wash. Feb. 19, 2014) ("Under the NLRA, the statute of limitations for a breach of the duty of fair representation by an employee against a union is six months"); *see also Stone v. Writer's Guild of Am. W., Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996) (" Stone's claim for breach of the duty of representation is governed by the six month federal statute of limitations."); *Gunderson v. Teamsters Local Union No. 117*, C16-0314RSL, 2016 WL 3033501, at *2 (W.D. Wash. May 27, 2016) ("The statute of limitations on a claim alleging a breach of the duty of fair representation is six months.").

ORDER – 2

Plaintiff attempts to distinguish *Conley*, albeit in a footnote, as an "exception" noting that the case is "typically cited" for its discussion of equitable tolling not "its determination of the 6 month statute of limitations." Dkt. # 42 at 1 n.1. This argument is entirely without merit. Plaintiff is merely rehashing his previous arguments, which the Court has already reviewed and rejected. The Court appreciates that Plaintiff disagrees with its application of Ninth Circuit precedent, but this is not a basis for reconsideration. Having found no manifest errors of law or fact in the summary judgment order, the Court **DENIES** Plaintiff's motion.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion. Dkt. # 42.

DATED this 9th day of January, 2020.

*/s/ Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3